O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANILO JOSE, | ) | Case No. CV 13-02467 DDP (MANx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **APPLICATION FOR TEMPORARY** |
| FREMONT INVESTMENT AND LOAN, | ) | **RESTRAINING ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Before the Court is Plaintiff Danilo Jose's Application for a Temporary Restraining Order.[1]  Plaintiff, appearing pro se, filed her complaint and request for a TRO on April 8, 2013.  The court denies Plaintiff's Application.

As an initial matter, it does not appear that Plaintiff has notified or attempted to notify any of the named Defendants of the instant Application for a TRO.  Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order

> without written or oral notice to the adverse party or its attorney *only if*: (A) specific facts in an affidavit or a

---

[1] While Plaintiff has not filed an Application for a TRO, she appears to request a TRO in an attachment to his complaint, filed April 8, 2013.

1   verified complaint clearly show that immediate and irreparable
2   injury, loss, or damage will result to the movant before the
    adverse party can be heard in opposition; and (B) the movant's
    attorney certifies in writing any efforts made to give notice
3   and the reasons why it should not be required.

4   Fed. R. Civ. P. 65(b)(1) (emphasis added).

5       The court has carefully reviewed Plaintiff's Complaint and the

6   Memorandum submitted in support of her Application for a TRO, and

7   has done so while keeping mind Plaintiff's pro se status.

8   Plaintiff asserts that her counsel provided telephonic "Ex Parte

9   notice" to defendant Recontrust Company. (Application at 16.)

10  Plaintiff, however, has not named any such defendant. Nor, despite

11  the facts asserted in the Application, is Plaintiff represented by

12  counsel. Lastly, the Application indicates that telephonic notice

13  was provided on Friday, June 12, 2009, almost four years ago.

14  These facts do not appear relevant to the instant case.

15      Basic principles of due process generally require the adverse

16  party to have notice and opportunity to be heard. Where the party

17  seeking relief has had significant notice of the impending harm, it

18  is inimical to the spirit and intent of those due process notions –

19  as well as basic concepts of fairness – for a plaintiff to take an

20  approach which avoids any chance of determination on the merits.

21  Because Plaintiff has offered no reason why notice should not have

22  been required in light of the circumstances presented here, the

23  court denies Plaintiff's request for a TRO. See Fed. R. Civ. P.

24  65(b)(1)(B).

25      Furthermore, even if Plaintiff had shown that notice had or

26  need not be given, she has not demonstrated that she will suffer

27  irreparable harm in the absence of injunctive relief. A temporary

28  restraining order is meant to be used only in extraordinary

2

circumstances.   To establish entitlement to a TRO, the requesting party must show (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Defense Counsel</u>, 555 U.S. 7, 20 (2008).  A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions and the balance of hardships tips in favor of a TRO.   <u>See Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases."   <u>Id</u>.   Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[2]   <u>Id.</u>

The Application appears to request that the court enjoin a Trustee's Sale of property located at 3525 Landfair Road, Pasadena, Califorinia 91107.  (Application at 22.)  The date of the sale, however, is unclear.  The Application states that the sale will occur "tomorrow," and refers to "Tuesday's trustee sale."  While Plaintiff's complaint was filed on Monday, April 8, 2013 the verified complaint and TRO are signed and dated April 5, 2013. Even assuming that the Application refers to Tuesday, April 9 as

---

[2] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four <u>Winter</u> factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest."  <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

the relevant date, it does not appear that a TRO would afford Plaintiff any relief.  Plaintiff's complaint repeatedly alleges that Defendants have already foreclosed upon the subject property. (Compl. ¶¶ 13, 15.)  According to the complaint, the property was sold at auction on July 27, 2012, approximately nine months ago. (Id.)  The complaint further alleges that Defendants initiated eviction proceedings against Plaintiff's tenants in October 2012.[3] (Complaint ¶ 51.)  Under such circumstances, Plaintiff cannot show that she is entitled to a TRO.[4]

For these reasons, Plaintiff's Application for a TRO is DENIED.


IT IS SO ORDERED.


Dated: April 10, 2013

DEAN D. PREGERSON
United States District Judge

---

[3] There is no indication whether the property is Plaintiff's primary residence.

[4] Having determined that Plaintiff has not shown irreparable harm, the court does not address the remaining factors.  The court takes no position, however, on the viability of Plaintiff's claims or the likelihood that she will succeed on the merits of those claims, many of which appear to be grounded in the tax code.

4